# IN THE UNITED STATES DISTRICT COURT
## OF THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **GOVERNMENT ACCOUNTABILITY PROJECT,**<br>1612 K St. NW, Suite #1100<br>Washington, DC 20006<br><br>**Plaintiff,**<br><br>v.<br><br>**COUNCIL OF THE INSPECTORS GENERAL ON INTEGRITY AND EFFICIENCY,**<br>1717 H Street, NW, Suite 825<br>Washington, DC 20006<br><br>**Defendant.** | Case No. 1:18-cv-02606 |

## COMPLAINT

NOW COMES Plaintiff, GOVERNMENT ACCOUNTABILITY PROJECT, by its undersigned attorneys, Loevy & Loevy, and brings this suit to overturn Defendant COUNCIL OF THE INSPECTORS GENERAL ON INTEGRITY AND EFFICIENCY's failure to comply with GAP's Freedom of Information Act (FOIA) requests seeking various records related to the operations of CIGIE, an independent entity within the executive branch.

### INTRODUCTION

1.      Pursuant to the fundamental philosophy of the American constitutional form of government, it is the public policy of the United States to foster democracy and allow any person to obtain copies of the records of agencies for any public or private purpose consistent with the terms of the federal Freedom of Information Act, 5 U.S.C. § 552.

## PARTIES

2. Plaintiff GOVERNMENT ACCOUNTABILITY PROJECT (GAP) is a non-profit organization serving the public by protecting government and corporate whistleblowers who expose wrongdoing.

3. Defendant COUNCIL OF THE INSPECTORS GENERAL ON INTEGRITY AND EFFICIENCY (CIGIE) is an independent entity within the executive branch established under the Inspector General Reform Act of 2008 P.L. 110-409. It is a federal agency subject to the Freedom of Information Act, 5 U.S.C. § 552.

## JURISDICTION AND VENUE

4. This case is brought under 5 U.S.C. § 552(a)(6)(c)(i) and presents a federal question conferring jurisdiction on this Court.

5. Venue is proper under 5 U.S.C. § 552(a)(4)(B) because this District is always a permissible venue for federal FOIA suits.

## JUNE 15, 2018 FOIA REQUESTS

6. On June 15, 2018 GAP requested the following documents: (1) The initial intake notes or documents regarding all allegations made against Daniel P Meyer beginning in December 2016, including (2) all email correspondence between CIGIE Integrity Committee investigators or staff regarding these allegations. Contained within this request was a request for expedited processing on the basis that there is an urgency to inform the public regarding allegations against Daniel P. Meyer, who was removed from the position of Executive Director of Intelligence Community Whistleblowing and Source Protection after allegations were made against him to CIGIE. The program currently operates without any permanent leadership, and Intelligence Community whistleblowers do not feel comfortable utilizing the program. GAP is in a unique position to accomplish this objective as it routinely disseminates information to

congressional offices, civil society members, and executive branch employees. A true and correct copy of the request is attached as Exhibit A.

7. On June 15, 2018, GAP requested the following documents in a separate request: (1) Lists of IC IG personnel who are under the jurisdiction of the Integrity Committee for the last five years. Such lists are in existence to show CIGIE IC's jurisdiction. A true and correct copy of the request is attached as Exhibit B.

8. On June 15, 2018, GAP requested the following documents in a separate request: (1) Correspondence to and from Wayne Stone or Jeanette McMillian and CIGIE Integrity Committee staff from July 2017 to the date of this filing. (2) Correspondence to, from, and between CIGIE Integrity Committee staff mentioning Wayne Stone or Jeanette McMillian. A true and correct copy of the request is attached as Exhibit C.

9. On June 15, 2018 GAP requested the following documents in a separate request: (1) Email correspondence between CIGIE Integrity Committee staff mentioning "PPD-19", "Presidential Policy Directive 19", "PPD 19", "IC Whistleblowing", "Intelligence community whistleblowing", "IC whistleblower", and "intelligence community whistleblower" from July 2017 to the date of this filing. A true and correct copy of the request is attached as Exhibit D.

10. On June 15, 2018 GAP made the following request "(1) Correspondence, including but not limited to electronic mail, to and from Congress explicitly regarding the IC IG or IC IG personnel from July 2017 to the date of this filing. (Don't worry about letters outside this scope, e.g., letters in which the IC IG is merely mentioned as one of three dozen IG's, etc. Happy to clarify over the phone.)" A true and correct copy of the request is attached as Exhibit E.

11. On June 15, 2018 GAP requested the following documents in a separate request: (1) Copies of Integrity Committee minutes from July 2017 to present. A true and correct copy of the request is attached as Exhibit F.

12. On June 15, 2018 GAP requested the following documents in a separate request: (1) CIGIE Integrity Committee regulations regarding the review of incoming allegations. A true and correct copy of the request is attached as Exhibit G.

13. On June 15, 2018 GAP requested the following documents in a separate request: (1) CIGIE FOIA Log from January 2014 through the date this request letter is answered. A true and correct copy of the request is attached as Exhibit H.

14. Two separate telephone conversations were held after June 15, 2018 inquiring about status updates and completion dates. In the first occasion, CIGIE informed GAP that, given the amount of requests, it would take a fair amount of time. The second occasion occurred in July, in which CIGIE informed GAP that it would be soon after that phone call.

15. CIGIE has provided neither a status update nor an estimated completion date, let alone any of the documents requested, as of the date of the filing of this complaint, nearly four months later.

16. CIGIE has also failed to provide a determination to grant expedited processing in the first request made, paragraph six.

## COUNT I – JUNE 15 2018 VIOLATIONS OF FOIA

17. The above paragraphs are incorporated herein.

18. Defendant is an agency subject to FOIA.

19. The requested records are not exempt under FOIA.

20. Defendant has refused to produce the requested records in a timely manner.

**WHEREFORE**, GAP asks the Court to:

i. declare that Defendant has violated FOIA;

ii. order Defendant to conduct a reasonable search for records and to produce the requested records;

iii. enjoin Defendant from withholding non-exempt public records under FOIA;

iv. award Plaintiff attorneys' fees and costs;

v. award such other relief the Court considers appropriate.

RESPECTFULLY SUBMITTED,

*/s/ Joshua Hart Burday*

Attorneys for Plaintiff
GOVERNMENT ACCOUNTABILITY PROJECT

Matthew Topic
Joshua Burday
LOEVY & LOEVY
311 N. Aberdeen, Third Floor
Chicago, IL 60607
(312) 243-5900
matt@loevy.com
joshb@loevy.com